

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Ernest Guinn
County Attorney,
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-1442
Re: Validity of Articles 7346,
7347 and 7350, Revised
Civil Statutes of Texas.

We are in receipt of your letter of September 15, 1939, in which you request an opinion of this department as to the validity of Articles 7346, 7347 and 7350 of the Revised Civil Statutes of Texas.

In opinion No. O-1342, a copy of which is enclosed, this department ruled that in cases where the statutory requirements have been complied with in the making of an original assessment, Articles 7346 and 7347 do not allow a reassessment by the commissioners' court, unless such original assessment was void because of fraud or because a fundamentally wrong method of assessment had been adopted. This opinion was based on the authorities cited in opinion No. O-936, to which you refer in your letter. A copy of opinion No. O-936 is also herein enclosed. On the basis of those two opinions, you are advised that Articles 7346 and 7347 allow a re-assessment only where the original assessment was void.

Article 7350, Revised Civil Statutes, reads as follows:

"In all cases of delinquent taxes of unrendered and unknown property, where there appears to be an assessment of the same at a valuation excessive and unreasonable, the commissioners court shall be authorized to correct or reduce such values on the request of the tax collector with a full statement

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the facts in each case; which statement and the action had thereon and the name of each commissioner voting for or against the reduction in valuation asked for shall be entered upon the minutes of the court; and a certified copy of the action had thereon shall be furnished to the Comptroller, and, when the values are so corrected or reduced, payment of taxes shall be accepted in accordance with such reduction, to which shall be added interest, penalty, advertising and costs as provided by law."

It is the opinion of this department that, for the reasons set out in the two opinions herein enclosed, insofar as Article 7350 attempts to allow a re-assessment of taxes by the commissioners' court on unknown and unrendered property, which assessment was not originally void, the same is unconstitutional. Insofar as this Article purports to allow a re-assessment in cases where the original assessment was void, the same is constitutional.

In answer to your third question, we cannot attempt to lay down an ironclad rule as to what failures to comply with the statutory requirements in making assessments would render the same void. However, if the statutory requirements have been complied with, the assessment may be set aside only on the grounds of fraud or the adoption of a fundamentally wrong method of assessment.

You also ask what procedure should take place before the commissioners' court to set aside an assessment in one of these cases. We would greatly appreciate your sending us a brief on the question of procedure before the commissioners' court in tax cases and in general.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG-LM

ENCLOSURES

APPROVED OCT 7, 1939

acting
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN